William RZADKOWOLSKI, d/b/a Bill's Signs and Ad–Rite Outdoor, Plaintiff–Appellant,

v.

VILLAGE OF LAKE ORION, a Michigan Municipal Corporation, and Christopher Rose, Defendants–Appellees.

No. 87–1420.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 29, 1988.

Decided April 28, 1988.

Phillip G. Adkison (argued), Smith, Magnusson, Chartrand, and Adkinson, P.C., Bloomfield Hills, Mich., plaintiff-appellant.

Gerald A. Fisher, Farmington Hills, Mich., for defendants-appellees.

Donald L. Payton (argued), John M. Halan, Farmington Hills, Mich., for Village of Lake Orion.

Before ENGEL, Chief Judge *, and MERRITT and KRUPANSKY, Circuit Judges.

MERRITT, Circuit Judge.

Plaintiff attacks the constitutionality of the billboard regulations of a small village under the First Amendment. The ordinance is a reasonable time, place and manner restriction under our recent decision in *Wheeler v. Kentucky Commissioner of Highways,* 822 F.2d 586 (6th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 702, 98 L.Ed.2d 653 (1988), and therefore we affirm the District Court's summary judgment.

Plaintiff, a sign company, filed applications for six permits in the fall of 1985 requesting permission to erect freestanding "billboards"—signs depicting commercial or noncommercial messages concerning activities conducted in locations other than on the premise where the signs are located. Ord. No. 14.06, § 2.51. Rzadkowolski's applications did not state what type of message the proposed signs would depict. The Village denied four of these applications because the ordinance does not permit such billboards in retail commercial zoning districts. Ord. No. 14.06, § 6.22; App. 26. In these areas, the ordinance allows only "on-premises signs" with messages, commercial or noncommercial, related to activities conducted on the premises. Ord. No. 14.06, § 2.10. The Village conditionally approved one of the plaintiff's applications permitting him to build a billboard in the industrial district, subject to certain distance restrictions. Ord. No. 14.06 (amended by 14.-09, 14.10) § 5.95; App. 25. The Village denied another application because, under the regulations, the proposed billboard would stand too close to the other conditionally approved billboard. § 5.95; App. 27.

Plaintiff charged that the Village's sign ordinance violates the First Amendment because it prevents him from constructing billboards in the locations he desires. He also claims that the ordinance exceeds the Village's police powers and constitutes exclusionary zoning. At the end of a hearing on the Village's motion for summary judgment, the District Court ruled against plaintiff on all counts and dismissed the action.

Plaintiff's primary argument is that the billboard restrictions are content-based, and unconstitutionally prohibit noncommercial advertising under *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). The ordinance permits temporary signs carrying a political message in each of the three zoning districts. Ord. No. 14.06, § 5.90; Appellant Br. at 20. Plaintiff emphasizes that although the ordinance permits billboards to depict commercial or noncommercial messages, the size, distance and zoning restrictions limit the number of billboards in the entire Village to only one, and this billboard can only be located in the industrial district. Plaintiff also states that although the ordinance permits on-premises signs depicting commercial or noncommercial messages in business districts, the ordinance has the practical effect of prohibiting noncommercial speech because the signs must relate to activity conducted on the premises, and because few establishments conduct noncommercial activity.

■ The ordinance is not unconstitutional. Its billboard requirements do not regulate the content of speech; they are tailored to serve significant governmental interests; and they appear to leave open alternative channels for communicating information. *See Wheeler,* 822 F.2d at 589; *Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 293, 104 S.Ct. 3065, 3068, 82 L.Ed.2d 221 (1984).

The ordinance does not regulate content or make any distinctions between commercial and noncommercial speech. It is different from the ordinance questioned in *Metromedia, Inc. v. San Diego,* 453 U.S. at 496, 516, 101 S.Ct. at 2886, 2897. In that case, the ordinance prohibited all noncom-

* The Honorable Albert J. Engle assumed the        duties of Chief Judge effective April 1, 1988.

mercial advertising except in twelve specific instances, such as bus stop signs, historical plaques, for sale and for lease signs. *Id.* at 494–96, 101 S.Ct. at 2885–86. The ordinance prohibited any other form of noncommercial advertising. *Id.* at 493 n. 1, 503, 101 S.Ct. at 2885, n. 1, 2890. A plurality agreed that San Diego's ordinance regulating noncommercial speech was not content neutral and was therefore unconstitutional. *Id.* at 515–16, 101 S.Ct. at 2896–97. The instant ordinance, however, permits noncommercial advertising, whatever its type, in commercial districts, so long as the sign relates in some way to on-premises activities and complies with size and distance restrictions. The Village also permits noncommercial advertising, whatever its type, on a billboard located within the industrial district, so long as the billboard comports with size and distance restrictions.

In *Wheeler v. Commissioner of Highways, supra,* Judge Kennedy for a unanimous panel rejected a similar First Amendment attack on the Kentucky Billboard Act, 822 F.2d 586. The Act, like the Village's ordinance, severely restricted billboards to certain zoning areas and permitted only on-premises signs in other areas. *Id.* at 588. Plaintiffs argued that the on-premises sign restrictions were invalid under *Metromedia* because they prohibited billboards in the same locations and regulated speech on the basis of content. *Id.* at 589. The Court ruled that the Act did not favor commercial speech over noncommercial speech:

> [T]he on-premises/off-premises distinction does not constitute an impermissible regulation of content just because the determination of whether a sign is permitted at a given location is a function of the sign's message.

*Id.* at 591. The Court concluded that the Act did not violate the First Amendment because it does "not effectively deny appellees a reasonable opportunity to erect a sign with a religious or political message." *Id.* at 596, relying on *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 53–54, 106 S.Ct. 925, 932, 89 L.Ed.2d 29 (1986).

Under *Wheeler,* the Village's ordinance here is content neutral because it permits on-premises signs depicting both commercial and noncommercial speech in the business district. In addition, the ordinance allows both commercial or noncommercial speech on billboards within the industrial district.

■ The restrictions also meet the second step of the time, place and manner analysis because they are tailored to serve significant governmental interests. *See Clark,* 468 U.S. at 293, 104 S.Ct. at 3068. The Village of Lake Orion is very small, approximately two square miles, and about one-half of this area is taken up by Lake Orion. Most of the area is zoned for residential use, leaving only a small section designated for stores and a smaller area along the main road for industrial uses. The regulations restricting billboards to the industrial district and permitting only on-premises signs in the business district are tailored to serve important community interests. They promote significant and legitimate aesthetic interests which enhance property values and psychological well-being for individuals and families. They may also minimize traffic obstructions and possible visual hazards. *See* Ord. No. 14.06 (amended by 14.09, 14.10) preamble & § 5.95(1); App. 11.

■ Finally, plaintiff's counsel asserted for the first time in his reply brief and then at oral argument that the ordinance's billboard restrictions impede alternative channels of communicating information, the third step in the analysis. *See Clark,* 468 U.S. at 293, 104 S.Ct. at 3068. Counsel's oral argument is unconvincing because no reasons are given why alternative methods are lacking. The District Court did not make any findings of fact relating to this theory, nor do the original briefs or the record below disclose a factual basis for counsel's argument. The Village is a very small place, and there is no suggestion that the alternate channels discussed in *Wheeler, supra,* are not available nearby.

We conclude that the ordinance under attack is constitutional on its face and as applied. We also reject plaintiff's other

arguments relating to the Village's police powers and exclusionary zoning for the reasons stated by the District Court.

Accordingly, the judgment of the District Court is AFFIRMED.